Mr. Chief Justice Moore
delivered the opinion of the Court.
The parties will be referred to by name, except that the corporation plaintiff in error will be mentioned as Circle T.
The action was commenced by Richard N. Jaramillo who sought to recover from Brady and Erma Sherrow, Circle T, and Robert Peters (all of whom were named defendants) the sum of money paid by him on the purchase price of a retail liquor store located at 1314 East 17th Avenue in Denver, Colorado, known as “Scotty’s Liquors.” Pertinent facts are as follows: The Sherrows were the owners of the business and they listed it for sale with Circle T, a business chance broker. Robert Peters acted as salesman for Circle T; he was also vice-president of the corporation and through his efforts Jaramillo entered into an agreement to purchase the liquor business and signed a “receipt and option” agreement which was duly accepted by the Sherrows. Jaramillo agreed to pay $14,500 for the property of which $1,000 was paid on the date of the agreement; $3,000 to be paid “at the time of closing”; and the balance to *218 be paid by promissory note secured by a chattel mortgage.
The condition contained in the contract, which gives rise to the action now under consideration, was that the entire transaction was subject to cancellation if for any reason Jaramillo was unable to obtain a liquor license to continue the operation of the business. On June 1, 1964, before Jaramillo had applied for the necessary license, the parties participated in a so-called “closing” of the deal, which, including adjustments, resulted in a payment by Jaramillo of $4,282 to the Sherrows. Thereafter, Jaramillo’s application for a liquor license was rejected whereupon he rescinded the contract and demanded a return of the money paid by him. The demand was refused and he brought the action.
Upon trial, the court entered judgment against all the defendants “individually and collectively” for the sum of $4,482.90, being the amount paid by Jaramillo plus interest to date of judgment. Circle T and Peters are here on writ of error seeking reversal of the judgment entered against them. Jaramillo has entered no appearance.
It is undisputed that Circle T and Peters acted as agents for the Sherrows in procuring a purchaser for the liquor business. The money which was paid by Jaramillo on the purchase price was received by the vendors of the property. There was no allegation of fraud or misrepresentation on the part of Circle T or Peters which would justify a judgment against them. The action filed by Jaramillo was based on a contract entered into with the Sherrows. Circle T and Peters had no contractual obligations with Jaramillo and the trial court erred in holding otherwise.
The judgment is reversed and the cause remanded with directions to vacate the judgment entered against Circle T and Peters and to dismiss the action as to them.